Jerry J. Jarzombek
714 W. Magnolia
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2007 AUG 14  PM 3: 35

CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |
|---|---|
| PATRICA MORAN, § | Civil Action No. |
| § | 4-07CV-482-Y |
| Plaintiff, § | |
| § | **COMPLAINT** |
| vs. § | **and** |
| § | **DEMAND FOR JURY TRIAL** |
| § | |
| CAPITAL MANAGEMENT SERVICES, LP, § | |
| and ATLANTIC CREDIT & FINANCE, INC., § | |
| § | |
| Defendants. § | (Unlawful Debt Collection Practices) |
| § | |

### PRELIMINARY STATEMENT

1.      Plaintiff, Patricia Moran f/k/a Patricia Duignan ("Moran"), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.

2.      Defendant, Capital Management Services, LP ("CMS") attempted to collect a consumer debt allegedly owed by Plaintiff.  The obligation ("Debt") required Plaintiff to pay money

arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. The Debt purported arose from an obligation to Citibank. CMS was attempted to collect the debt for Atlantic Credit & Finance, Inc. ("Atlantic"). Atlantic purportedly acquired the Citibank, after default, for the purpose of collecting it.

## JURISDICTION AND VENUE

3.       Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4.       Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

## PARTIES

5.       Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and  Tex. Finance Code § 392.001(1).

6.       CMS is an entity engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of CMS's business is the collection of consumer debts. CMS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). CMS is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

7.       Atlantic is an entity engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Atlantic's business is the collection of consumer debts. Atlantic is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Atlantic is also a "third-party debt collector" as defined by Tex. Finance Code §

392.001(7). Atlantic often acquires consumer debts, after default, for the purpose of collecting those debts at a profit.

## FACTUAL ALLEGATIONS

8.      CMS sent a collection letter to Plaintiff dated September 7, 2006. That letter was from an entity that identified itself as Capital Management Services, *Inc.* A true and correct copy of the correspondence is attached hereto as Exhibit A and incorporated herein by reference.

9.      On information and belief, Capital Management Services, *Inc.* is no longer active.

10.     On or about September 13, 2006, Plaintiff had a telephone conversation with a representative of CMS. During the call, CMS was attempting to collect the Debt. CMS urged the Plaintiff to settle the Debt, by setting up some type of payment plan.

11.     The Plaintiff requested information regarding the amount of the Debt, and the amount of money necessary to effect a payoff. The representative of CMS told the Plaintiff that she must provide CMS with her banking information if she wanted to receive any payoff information. The CMS representative further advised the Plaintiff that by providing her banking information, she was showing "good faith."

12.     The Plaintiff advised CMS that she was not able to commit to a payment plan at that time, but would consider setting something up in October 2006. Despite this request, CMS debited Plaintiff's bank account for $27.26 on September 14, 2006 and $107.26 on September 19, 2006.

13.     The Plaintiff then called CMS to complain about the unauthorized withdrawals. The recipient of her complaint responded with "so, what?"

14.     On information and belief, Plaintiff's bank replaced the money taken by CMS.

15. After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that CMS did not have authority to withdraw funds from Plaintiff's bank account on September 14, 2006 and September 19, 2006.

16. After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that CMS misrepresented the purpose of obtaining Plaintiff's banking information.

17. After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that Atlantic, who itself is a debt collector, is responsible for the acts taken by CMS in collecting (and attempting to collect) debts purported due to Atlantic.

18. The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

19. The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

20. The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of Defendants' regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

### FIRST CLAIM FOR RELIEF

21. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the FDCPA include, but are not limited to the following:

    a. In violation of 15 U.S.C. § 1692d, the Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included:

      i.       misrepresenting the purpose of obtaining Plaintiff's banking information;

      ii.      making unauthorized withdrawals from Plaintiff's bank account;

      iii.    using language intended to abuse unreasonably the hearer thereof; and,

      iv.    the use of any name, other than the debt collector's true name, while collecting or attempting to collect a consumer debt.

b.      In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendants used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

c.      In violation of 15 U.S.C. § 1692e(5) and the "least sophisticated consumer standard," the Defendants threatened to take an action which cannot legally be taken or that is not intended to be taken.

d.      In violation of 15 U.S.C. § 1692f, the Defendants used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included:

      ii.      misrepresenting the purpose of obtaining Plaintiff's banking information; and,

      ii.      making unauthorized withdrawals from Plaintiff's bank account.

22.    Under 15 U.S.C. § 1692k, Defendants' violations of the FDCPA render them jointly and severally liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## Second Claim for Relief

23.    The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the TDCA include, but are not limited to the following:

a.      In violation of Tex. Fin. Code § 392.301(a)(1), CMS used a name, other than its true business or professional name while engaged in debt collection.

b.    In violation of Tex. Fin. Code § 392.301(a)(8), the Defendants threatened to take (and/or did take) an action prohibited by law.

c.    In violation of Tex. Fin. Code § 392.302(1), Defendants used language intended to abuse unreasonably the hearer thereof.

d.    In violation of Tex. Fin. Code § 392.304(a)(19), Defendants used false representations and deceptive means to collect a consumer debt.

24.    Under Tex. Fin. Code Ann. § 392.403, the Defendants' violations of the TDCA render them jointly and severally liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## THIRD CLAIM FOR RELIEF

25.    The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.  The Defendants' violations of the DTPA include, but are not limited to the following:

a.    Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendants' violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

b.    Using the term "incorporated" (or an abbreviation thereof) in the name of a business entity that is not incorporated under the laws of Texas or another jurisdiction.

26.    Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendants' violations of the DTPA render them jointly and severally liable to Plaintiff for injunctive relief and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that this Court:

1.    Declare that Defendants' actions violate the FDCPA, the TDCA and the DTPA.

2.    Enjoin the Defendants' actions which violate the TDCA and the DTPA.

3.     Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d).

4.     Grant such further relief as deemed just.

**DATED**:  August 14, 2007.

                                                    Respectfully submitted,


                                                    Jerry J. Jarzombek
                                                    Texas Bar No. 10589050

                                                    THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
                                                    714 W. Magnolia
                                                    Fort Worth, Texas 76104
                                                    817-348-8325
                                                    817-348-8328 Facsimile

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

**DATED**: August 14, 2007.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
714 W. Magnolia
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

# EXHIBIT A

726 Exchange Street, Suite 700
Buffalo, New York 14210

ADDRESS SERVICE REQUESTED

**CAPITAL MANAGEMENT SERVICES, INC.**
726 Exchange Street - Suite 700, Buffalo, NY 14210
Office Hours: M-Th 8 a.m. - 11 p.m. ET
Fri 8 a.m. - 10 p.m., Sat 8 a.m. - 4 p.m. ET
Sun 9 a.m. - 1 p.m. ET
Toll Free: 1-800-295-6137, Fax: (716) 852-1620

#BWNJTHB *********AUTO**3-DIGIT 760 T25  P1
#0241362953#

Patricia A Duignan
1351 Rogers Rd
Newark, TX  76071-3711

Previous Creditor: CITIBANK
Current Creditor: Atlantic Credit & Finance
Account #: 4621205040374
Balance: $1191.10
AMOUNT ENCLOSED: _____

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT

Dear Patricia A Duignan:                                          September 07, 2006

This company has been engaged by Atlantic Credit & Finance to resolve your delinquent debt of $1191.10. Please submit your payment and make your check or money order payable to Capital Management Services, Inc. to the above address.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different than the current creditor.

Our representatives are trained to offer assistance regarding this obligation. For payment arrangements or account inquiries, you may contact Capital Management Services, Inc. at 726 Exchange Street, Suite 700, Buffalo, NY 14210 or call 1-800-295-6137 Mon. through Thurs. 8 am to 11 pm ET, Fri. 8 am to 10 pm ET, Sat. 8 am to 4 pm ET or Sun. 9 am to 1 pm ET. You may also make payments online at: www.cms-collect.com.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

# CIVIL COVER SHEET

JS 44 (Rev. 10/06)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PATRICA MORAN

**DEFENDANTS**
CAPITAL MANAGEMENT SERVICES, LP, and ATLANTIC CREDIT & FINANCE, INC.

**(b)** County of Residence of First Listed Plaintiff _____ Wise
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jerry J. Jarzombek, 714 West Magnolia Avenue, Fort Worth, TX 76104, 817-348-8325

Attorneys (If Known)

4-07CV-482-Y

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |
| | | **PERSONAL INJURY** (torts col): ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability | | |
| | | **PERSONAL PROPERTY:** ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability | | |
| | | ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act | | |
| | | ☐ 740 Railway Labor Act | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: 15 U.S.C. 1692, et seq. (Unlawful Debt Collection Practices)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 8-14-07

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # FW395   AMOUNT 350   APPLYING IFP _____   JUDGE Y   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

### Civil Filing Notice – Fort Worth Division

---

**CIVIL ACTION NO:** 4-07CV-482-Y

This case has been assigned to District Judge: _____

(Complete if applicable)
TRANSFERRED FROM: _____ DATE FILED: _____

---

Civil cases are assigned to a judge by random draw. A docket clerk for each judge maintains the recording of documents filed with the Clerk. A complete list of phone numbers for both the judges' chambers and the docket clerks is provided.

| Judge | Court Settings | Pleadings Filed |
|---|---|---|
| (A) Judge John H. McBRYDE | (817)850-6650 | (817)850-6611 |
| Even Cases: 850-6652   Odd Cases: 850-6653 | | |
| (Y) Judge Terry R. MEANS | (817)850-6673 | (817)850-6612 |
| (BE) Magistrate Judge Charles BLEIL | (817)850-6690 | (817)850-6697 |

For access to local rules, attorney admission information, frequently asked questions, common forms, filing instructions, and records information, please visit our web site at **www.txnd.uscourts.gov**. To speak to someone in the district clerk's office, please call (817) 850-6601.

To receive electronic access to court docket sheets and filed documents, contact the PACER Service Center at **www.pacer.pcs.uscourts.gov** or by phone at 1-800-676-6856 for a log-in and password.

Information is attached regarding trials by a United States magistrate judge, receiving electronic notice, and the court's privacy policy.